United States District Court
Southern District of Texas
**ENTERED**
January 04, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ERIK CHARLES ALLEN, § | |
| § | |
| Petitioner, § | |
| VS. § | MISC. ACTION NO. 7:18-MC-1388 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION

Petitioner Erik Charles Allen, a state prisoner proceeding pro se, initiated this miscellaneous action seeking to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) Petitioner claims that his constitutional rights were violated when the Texas Board of Pardons and Paroles denied his release to mandatory supervision. However, Petitioner failed to pay the $5 filing fee required to proceed with this action at the time he filed his petition, nor did he request to proceed in forma pauperis. Petitioner also failed to comply with a court order directing him to correct this deficiency by either paying the minimal filing fee or submitting an adequately-supported application to proceed in forma pauperis. As discussed below, the undersigned recommends that this action be dismissed for failure to prosecute.

### I. BACKGROUND

In July 2018, Petitioner filed the instant action seeking to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) Petitioner was not attempting to attack his conviction or sentence; rather, he challenges the denial of his release to mandatory supervision. (*Id.* at 2.)

Petitioner's initial pleading was deficient in that he failed to pay the required filing fee and did not apply to proceed in forma pauperis. The undersigned entered an order directing

Petitioner to either pay the $5 filing fee or file a properly supported application to proceed in forma pauperis within thirty (30) days. (Docket No. 2.) Petitioner was also informed that he must "keep the Clerk advised in writing of his current address and file promptly a change of address when necessary." (*Id.* at 1.) Petitioner was further warned that "[f]ailure to do so may be interpreted as failure to prosecute and may result in the dismissal of this case." (*Id.* at 2 (emphasis in original).) Publicly available records indicate that Petitioner is no longer incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division. *See Offender Info. Search*, Tex. Dep't of Crim. Just., https://offender.tdcj.texas.gov/OffenderSearch/start.action (last visited Dec. 28, 2020).

Petitioner has failed to respond to the court order, failed to submit an adequately-supported application to proceed in forma pauperis, and failed to update the Clerk with a change of address. Petitioner has done nothing since filing the initial petition to pursue this matter.

## II.     ANALYSIS

Petitioner's action is subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Petitioner has failed to comply with the relevant rules and to prosecute this action.

Federal law requires the Clerk to collect a $5 filing fee for a person seeking to file a § 2254 petitioner for writ of habeas corpus in federal court. 28 U.S.C. § 1914(a). A person may be permitted to proceed in forma pauperis by submitting an affidavit disclosing all of his assets to show that he is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1). As the Fifth Circuit has explained, "there is no absolute 'right' to proceed in a civil action without paying a filing fee; this is a procedural privilege that Congress may extend or withdraw." *Strickland v. Rankin Cnty. Corr. Facility*, 105 F.3d 972, 975 (5th Cir. 1997).

Here, Petitioner has neither paid the filing fee, nor has he complied with the statutory procedure to determine whether he is entitled to proceed in forma pauperis. Petitioner has taken no other action in this case, nor has he communicated with the Court in any way, including providing his current address upon his release from prison.

This habeas corpus action should be dismissed for failure to prosecute because Petitioner has failed to pay the filing fee and failed to comply with a court order. *See Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) (affirming District Court's dismissal of a § 2241 habeas action where the petitioner failed to pay the $5 filing fee and failed to comply with the court's orders); *Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (stating that "the failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute"); *see also Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (explaining that a district court may dismiss an action sua sponte for failure to prosecute); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (explaining that a district court may dismiss an action sua sponte for failure to comply with court orders). It appears that no lesser sanction is available since Petitioner did not comply with the Court's order, failed to provide an updated address, and has taken no other action in this

case.[1] *See Carey v. King*, 856 F.2d 1439, 1441 (5th Cir. 1988) (finding that dismissal without prejudice was the least drastic sanction where any attempt to provide further notice would be "a futile gesture" given pro se litigant's failure to provide a change of address).

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Docket No. 1) be DISMISSED without prejudice based on Petitioner's failure to prosecute. It is further recommended that Petitioner be denied a certificate of appealability.

### CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability[.]" 28 U.S.C. § 2253(c)(1). Although Petitioner has not yet filed a notice of appeal, the § 2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, RULES GOVERNING SECTION 2254 PROCEEDINGS. Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability (COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a COA as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district

---

[1] A copy of this Report will be sent to Petitioner at the address he provided. Should Petitioner respond to the Report, the District Court may then wish to consider whether less drastic sanctions might be appropriate.

court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An applicant may also satisfy this standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. As to claims that a district court rejects solely on procedural grounds, the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Petitioner's § 2254 claims should be dismissed on procedural grounds. For the reasons explained in this report, the undersigned believes that reasonable jurists would not find debatable or wrong the conclusion that Petitioner's miscellaneous action should be dismissed based on failure to prosecute. Accordingly, Petitioner is not entitled to a COA.

## NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on January 4, 2021.

Peter E. Ormsby
United States Magistrate Judge